[No. 2233. Decided June 28, 1897.]

COMMERCIAL NATIONAL BANK OF SEATTLE, *Respondent,* v. THOMAS JOHNSON *et al., Respondents,* JAMES DOUGAN *et al., Appellants.*

APPEAL—TAXATION OF COSTS.

Where two appeals are prosecuted in an action and the respondent in answering both files but one brief, it is not erroneous upon affirmance as to one appeal and reversal as to the other, to

tax the cost of the respondent's brief against the appellant whose judgment was affirmed, when the matters relating to the several appeals are intermingled in the brief and no request for a segregation of the cost has been made before judgment.

Motion to strike certain items of cost taxed against appellant Klosterman. For opinion in which judgment was rendered see 16 Wash. 536.

*Allen & Powell*, for appellant.
*Blaine & DeVries*, for respondent.

*Per Curiam.*—Appellant Klosterman moves to strike two items of cost taxed against him in this action, one being for the respondent's brief and one the attorney fee provided by statute. There were two appeals, one by Dougan and one by Klosterman. Their interests were conflicting and they filed separate briefs. The respondent, however, answered them both in one brief. The judgment was reversed as to Dougan and affirmed as to Klosterman. Costs were taxed in favor of Dougan against the respondent and in favor of respondent against Klosterman. No cost bill was filed by the respondent, and costs were taxed in his favor against Klosterman by the clerk, as provided by rule 14, in such cases.

It is objected by the respondent that we cannot entertain this motion for the reason that the remittitur has been sent down. Owing to the practice not to enter judgments until petitions for re-hearing have been disposed of and for the the remittitur to go down immediately thereafter, parties have no notice of the terms of the judgment before it is entered, and in instances where there has been a mistake in the entering of the judgment, we have recalled the remittitur on the ground that the same was not the judgment of the court, and the remittitur had issued without authority. But in this instance there was no mistake. The

respondent was entitled to the attorney fee as against Klosterman; and the respondent's brief was not in such a condition that the clerk could have separated it and taxed a part only against Klosterman. If a separate brief had been filed against him, that only would have been taxed, or perhaps if a separate part of the single brief filed by the respondent had been devoted to answering his brief only that part would have been taxed; but such was not the case. The matters relating to the several appeals are so intermingled through the respondent's brief that it was the clerk's duty to tax the whole of it, in the absence of any order by the court. The court might properly have allowed costs for only a part of the brief to be taxed, which would have made a difference of a few dollars in favor of Klosterman, and likely we would have done so had application been seasonably made therefor, or attention called thereto. Properly, there should have been a request before judgment for such a course in case of an affirmance as to one and a reversal as to the other. But there was no such request in this case, and we would not recall the remittitur at this time for that purpose.

Motion denied.